## SHELL v. MOODY & BREWSTER.

Under the facts disclosed by the record, the court did not err in granting a nonsuit.

Argued December 2, 1897. — Decided January 10, 1898.

Action for damages. Before Judge Reid. City court of Atlanta. March term, 1897.

*P. F. Smith* and *R. R. Shropshire*, for plaintiff.
*Reed & Hartsfield*, for defendants.

SIMMONS, C. J. Will Shells and William O. Shell were employed by the Southern Railway Company. Will Shells gave his promissory note to J. S. Smith & Co., for $18 principal, and it was by them indorsed in blank to Moody & Brewster. The note contained a waiver of homestead rights, and of the right to exemption from garnishment of the wages of Shells. It was not paid at maturity, and Moody & Brewster placed it in the hands of a justice of the peace for suit. The summons issued by the justice was against Will Shells. A summons of garnishment was issued against the Southern Railway Co., requiring it to answer as to its indebtedness to Will Shells. The constable, in executing the summons, served *W. O. Shell*, and *his* wages were, under the process of garnishment, held up by the railway company. Shell was not indebted to Moody & Brewster, and upon receiving the summons he went to them and so notified them, asking them to dismiss the suit against him. It seems they were acquainted with neither Shells nor Shell, and requested the latter to write his own name and that of Will Shells. He did so, and the signatures appear to have been similar to the one signed to the promissory note by Shells. The note had a subscribing witness to the signature of Will Shells, and Moody & Brewster declined to dismiss the suit at that time, but asked Shell to bring up the subscribing witness, and promised then to give the matter further consideration. Shell agreed to do this, but did not return. Shell had filed a plea of non est factum to the suit in the justice's court, and upon the trial in that court the case was dismissed as to him, Moody & Brewster not appearing at the trial. Shell thereupon

brought his action for damages against Moody & Brewster. The petition filed by him in the court below not having been sent up in the record to this court, we do not know whether the action was for malicious prosecution, or for malicious use of legal process. Treating it, however, as either the one or the other, the court did not err, under the facts above stated, in granting a nonsuit. Either form of action requires the plaintiff to show malice and want of probable cause upon the part of the defendant. The plaintiff did not in fact show either malice or want of probable cause on the part of Moody & Brewster in instituting their action in the justice's court. Indeed the evidence shows that Moody & Brewster did not authorize the magistrate to bring suit against W. O. Shell, nor to garnish the wages of the latter. They directed the suit to be brought against Will Shells, and the constable either negligently or by mistake served W. O. Shell. There was, therefore, no malice in bringing the suit. The only thing from which malice might possibly have been inferred was the refusal of Moody & Brewster to dismiss the suit upon the request of Shell. As stated above, Moody & Brewster were not acquainted with Shell, and the signatures he wrote for them resembled the signature of Will Shells. They were therefore not satisfied that he was not their debtor, and requested him to bring the subscribing witness to the note, which he promised but failed to do. These facts do not, in our opinion, show any malice on the part of Moody & Brewster in instituting and prosecuting this suit, but only a desire on their part to ascertain if the statement made to them by Shell was true. It is quite probable that, had he returned with the subscribing witness, they would have authorized the railway company to pay him his wages, and have requested the justice of the peace to discontinue the suit against him. Under the facts disclosed by the record, we think that the trial judge was clearly right in granting a nonsuit.

*Judgment affirmed. All the Justices concurring.*